**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4295
_____

XIN KENG CHEN,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                        Respondent

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A079-429-884)
Immigration Judge:  Honorable Esmeralda Cabrera

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 3, 2012
Before:  FISHER, WEIS and BARRY, Circuit Judges
(Opinion filed: October 31, 2012)
_____

OPINION
_____

PER CURIAM.

Xin Keng Chen seeks review of a decision of the Board of Immigration Appeals ("BIA").

For the reasons that follow, we will deny the petition for review.

1

Petitioner Xin Keng Chen is a citizen of China, and entered the United States in 2001 without inspection. The Department of Homeland Security commenced removal proceedings in 2003, and Chen conceded removability. Chen applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") on the basis of his involvement with Falun Gong. However, at his July 2004 immigration hearing, Chen testified that his girlfriend was three months pregnant. He testified that he feared he would be jailed if returned to China because he had run afoul of China's family planning policies. He stated that he, twenty years old at the time of the hearing, was underage for marriage, and that, in China, men must be twenty-five years old before having a child. He disavowed his claims relating to Falun Gong practices set forth in his initial asylum application, explaining that he was young and inexperienced and had told that story on the instructions of a smuggler, and apologized to the immigration court. In a 2004 statement, he stated that he is Christian. He averred that he had never had problems due to his religious practices, although his parents, also Christians, had.

The Immigration Judge ("IJ") denied relief, concluding that Chen had not alleged any past persecution and had failed to establish a well-founded fear of future persecution if returned to China. The IJ noted Chen's prior story relating to Falun Gong and his explanation for his change. The IJ found that Chen's testimony was "skeletal," unspecific, and unsupported by affidavit or any background information. (A.R. 776.) He did not explain how Chinese officials would have any knowledge of his girlfriend's

2

pregnancy, especially because Chen testified that his girlfriend does not intend to return to China.

In November 2005, the Board of Immigration Appeals ("BIA") adopted and affirmed the IJ's decision and dismissed Chen's appeal. To the extent Chen sought a remand, the BIA stated that it reviewed the evidence submitted on appeal, and denied the request.

In June 2011, Chen submitted to the BIA a motion to reopen and remand. The BIA denied the motion as untimely in August 2011. He based his motion on his religion and on changed country conditions in China. He alleged that conditions for Christians in China had worsened. The BIA noted that Chen had not submitted an affidavit[1], and that several of his supporting documents were incomplete, not new, or not previously unavailable. The BIA acknowledged that, although China currently allows the practice of Christianity, there have been reports of detention and harassment of some leaders of unofficial churches. Nevertheless, the BIA concluded that Chen had failed to show that those reports demonstrate that he will suffer mistreatment upon his return to China.

Chen then filed a motion to reconsider the August 2011 decision denying reopening. In November 2011, the BIA found no error with that decision, and concluded that Chen's motion was both untimely and number-barred. Chen did not address the BIA's bases for denying reopening, and instead requested reconsideration and reopening to reapply for asylum, withholding of removal, and CAT protection based on new

---

[1] As the BIA noted in its November 2011 decision, Chen did submit his 2004 affidavit, but no new statement for the motion to reopen.

materials. Chen did not, however, submit the new applications, as is required by 8 C.F.R. § 1003.2(c)(1), nor did he submit an affidavit or personal statement expressing his fear of future persecution. The BIA stated that Chen's materials did not establish a change in conditions between 2004 and now, nor did he submit evidence supporting his claim that his parents had been persecuted on account of their religion. Chen filed a timely petition for review following the BIA's November 2011 denial.

## II.

We have jurisdiction to review the BIA's November 2011 decision pursuant to 8 U.S.C. § 1252(a)(1). See Abdulai v. Ashcroft, 239 F.3d 542, 547 (3d Cir. 2001). We review denials of motions to reopen and for reconsideration for abuse of discretion. Borges v. Gonzales, 402 F.3d 398, 404 (3d Cir. 2005). Under this standard, we may reverse the BIA's decision only if it is "arbitrary, irrational, or contrary to law." Guo v. Ashcroft, 386 F.3d 556, 562 (3d Cir. 2004). A motion to reconsider must specify "the errors of fact or law in the prior [BIA] decision." 8 C.F.R. § 1003.2(b)(1). A motion to reopen "shall state the new facts that will be proven . . . and shall be supported by affidavits or other evidentiary material," and, if the purpose is to submit a new application for relief, the motion "must be accompanied by the appropriate application for relief." 8 C.F.R. § 1003.2(c)(1).

## III.

It is undisputed that Chen's motions to reopen were untimely, and that the second motion was number-barred. See 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2)

4

(motions to reopen must be filed within ninety days of the final administrative decision; only one motion is permitted). Chen argued that he qualified for an exception to the limitations period based on changed country conditions in China. See 8 C.F.R. § 1003.2(c)(3)(ii). He now claims that the BIA abused its discretion by failing to properly analyze whether country conditions in China showed increased persecution of Christians.

Based on the record, we cannot find that the BIA abused its discretion in determining that Chen had failed to demonstrate such changed conditions. In his first motion to reopen, Chen submitted only partial country reports on China from 2002 and 2010. He based his motion to reconsider and second motion to reopen on reports that he failed to submit. Despite his claims to the contrary, the BIA did cite to Chen's exhibits and concluded that the materials did not specifically discuss the treatment of Christians in China since his 2004 hearing. The BIA did consider a 2004 article describing the Chinese government's persecution of two Christians, but nonetheless determined that the article did not demonstrate changed circumstances in China. Thus, the BIA correctly determined that Chen failed to make the required showing.

Additionally, the government points out that Chen failed to address most of the BIA's dispositive findings. Chen did not file a reply to address the government's waiver argument, and so we may also deny his petition for review on the ground that he waived any challenge to the BIA's findings that: (1) he failed to submit a personal statement or affidavit with either of his motions to reopen to establish his subjective, personal fear of future persecution if returned to China; (2) he failed to provide any evidence with either

5

motion that his similarly situated parents suffered any recent persecution; and (3) he failed to include an application for relief with either of his motions to reopen.

## IV.

For the foregoing reasons, we will deny the petition for review.